## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIERNAN J. WHOLEAN, JAMES A. GRILLO, and LAKIESHA CHRISTOPHER<br><br>         Plaintiffs,<br><br>v.<br><br>CSEA SEIU LOCAL 2001, KEVIN LEMBO, in his official capacity as Comptroller, State of Connecticut, BENJAMIN BARNES, in his official capacity as Secretary of Office of Policy and Management, State of Connecticut, SANDRA FAE BROWN-BREWTON, in her official capacity as Undersecretary of Labor Relations, State of Connecticut, and ROBERT KLEE, in his official capacity as Commissioner of the Department of Energy and Environmental Protection, State of Connecticut<br><br>         Defendants. | Civil Action No.: _____<br><br><br>**COMPLAINT**<br><br>DATE: June, 13, 2018 |

## INTRODUCTION

1.   This is a civil rights action challenging the constitutionality of Section 5-280 of the State Employee Relations Act ("SERA"), Conn. Gen. Stat. § 5-280(3) ("Section 5-280"), and related acts taken by Defendants based on that Section. This suit also challenges the constitutionality of Sections Three and Four of Article 6 of the collective bargaining agreement between Defendants. Plaintiffs seek declaratory relief, injunctive relief, nominal and compensatory damages and/or partial restitution, and other relief to redress and prevent the deprivation, under color of state law, of Plaintiffs' rights, privileges, and immunities under the First and Fourteenth Amendments to the United States Constitution. Defendants, acting in concert with one another, have deprived, and continue to deprive, Plaintiffs of their constitutional rights.

2.    Specifically, Defendant CSEA SEIU Local 2001 ("Union Defendant" or "Local 2001") is acting under color of state law to force employees to join a union or pay a fee as a condition of continued employment ("compulsory fees"). This collection of compulsory fees violates Plaintiffs' rights under the First Amendment to the United States Constitution. Plaintiffs submit that the collection of compulsory fees itself violates their First and Fourteenth Amendment rights. And that Section 5-280, which permits collective bargaining agreements (hereinafter "CBA"), including Sections Three and Four of Article 6 of the CBA among defendants, providing for the automatic deduction of compulsory fees from the wages of nonmember employees, including Plaintiffs, is unconstitutional.

3.    Plaintiffs seek declaratory, injunctive, monetary and equitable relief for Defendants' unlawful conduct. Unless and until the Court enters an injunction against the Defendants to prevent the continued seizure of fees from Plaintiffs' wages, their First and Fourteenth Amendment rights will be irreparably harmed.

## JURISDICTION AND VENUE

4.    This matter is properly before this Court based on 28 U.S.C. § 1331 because it arises under the First and Fourteenth Amendments to the United States Constitution and the laws of the United States of America.

5.    This is also an action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiffs by the First and Fourteenth Amendments to the Constitution. As such, this Court also has jurisdiction based on 28 U.S.C. § 1343. Therefore, this Court may grant: (a) injunctive relief against the future seizures of fees; (b) nominal damages for the violation of Plaintiff's First and Fourteenth Amendment rights; (c) compensatory damages and/or partial restitution in the amount

of the fees unconstitutionally seized from Plaintiffs' wages, plus interest; and (d) reasonable attorneys' fees and costs according to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920.

6.    This case is an actual controversy where Plaintiffs seek a declaration of their rights under the Constitution of the United States. This Court may declare the rights of Plaintiffs and grant further necessary and proper relief based thereon under 28 U.S.C. §§ 2201 and 2202, and may also grant injunctive relief according to Federal Rule of Civil Procedure 65.

7.    Venue is proper in this Court according to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims arose in this judicial district and Defendants conduct business and maintain offices in this judicial district.

## PARTIES

8.    Plaintiffs Kiernan Wholean, James Grillo, and Lakiesha Christopher, are, and were at all relevant times, employed by the Connecticut Department of Energy and Environmental Protection ("DEEP"). As employees of DEEP, Plaintiffs are "employees" within the meaning of SERA, Conn Gen Stat § 5-270(a) and (b). Plaintiffs are employed in a bargaining unit represented exclusively (for the purposes of collective bargaining) by Local 2001, in conjunction with and on behalf of its affiliates, according to SERA, Conn. Gen. Stat. § 5-275. Compulsory fees have been collected via automatic deductions from Plaintiffs' pay according to Section 5-280 and Sections Three and Four of Article 6 of the CBA. On information and belief, these compulsory fees have been remitted to Local 2001. But, at all relevant times, Plaintiffs have not been members of Local 2001 or its affiliates or consented to the deduction of compulsory fees.

9.  At all relevant times, all Defendants are or were state actors, acting under the color of state law, namely SERA, Conn. Gen. Stat. § 5-270, *et seq*., within the meaning of 42 U.S.C. § 1983.

10. Defendant Local 2001 is the local union affiliate of SEIU that represents and collects dues and fees from Plaintiffs' bargaining unit as a condition of employment, and is an "employee organization" as defined by SERA, Conn Gen State §5-270(d). Local 2001 maintains an office at 760 Capitol Avenue, Hartford, CT 06106. Local 2001, in conjunction with and acting on behalf of its affiliated unions, is the exclusive representative for Plaintiffs' bargaining unit, for the purposes of collective bargaining. Upon information and belief, Local 2001 remits a portion of the dues and fees collected from Plaintiffs to its affiliates, including SEIU.

11. State Defendant Kevin Lembo is the Comptroller for the State of Connecticut ("State"). As such, Lembo is the primary official of the State charged with the responsibility of issuing wages to employees of the State and/or its Departments, including P-4 bargaining unit employees and Plaintiffs. Lembo is also the primary State official responsible for processing all deductions, including for compulsory fees as required by "agency shop" provisions in CBAs between the State and the unions that the State has designated as exclusive bargaining representatives. Lembo is sued in his official capacity.

12. State Defendant Benjamin Barnes is the Secretary of the Office of Policy and Management of the State. According to Conn. Gen. Stat. § 4-65a(a), Barnes is the "employer representative" in all collective bargaining matters, including the negotiation and administration of all collective bargaining agreements and supplemental understandings between the State and Local 2001. On information and belief, Barnes, as Secretary of the OPM, approves the CBAs entered into by the State with unions that the State has designated as exclusive bargaining

4

representatives before the agreements are approved and implemented. Barnes is sued in his official capacity.

13. State Defendant Sandra Fae Brown-Brewton is the Undersecretary for the Office of Labor Relations, a division of the OPM, of the State. By designation of the Secretary of OPM, the OLR is the Governor's designated representative for collective bargaining matters for state employees. On information and belief, by and through Brown-Brewton, the OLR negotiated and entered into the current CBA with Local 2001. Brown-Brewton is sued in her official capacity.

14. State Defendant Robert Klee is the Commissioner of DEEP. On information and belief, Klee administers DEEP's compliance with the CBA that requires Plaintiffs to pay compulsory fees to Local 2001. Klee is sued in his official capacity.

## FACTS

15. At all relevant times, Plaintiffs have been employed by DEEP, which is a Connecticut state agency, with an office located at 79 Elm Street Hartford, CT 06106. DEEP is an "employer" as defined by SERA, Conn Gen Stat § 5-270(a).

16. At all relevant times, Plaintiffs have been, and continue to be, employed in a bargaining unit represented for purposes of collective bargaining by Local 2001.

17. At all relevant times, Plaintiffs have not been, and are not, members of Local 2001 or any other union.

18. Under color of state law, specifically SERA, Conn Gen Stat §§ 5-271 & 5-272, a union may enter into a CBA with a public employer on behalf of members of the bargaining unit it represents, that dictates the terms and conditions of employment.

19. Section 5-280(a) empowers union and state employers to include requirements in their CBAs for employees to pay union fees as a condition of employment. That Section states:

If an exclusive representative has been designated for the employees in an appropriate collective bargaining unit, each employee in such unit who is not a member of the exclusive representative shall be required, as a condition of continued employment, to pay to such organization for the period that it is the exclusive representative, an amount equal to the regular dues, fees and assessments that a member is charged.

20. Section 5-280(b) allows a union and state employer to negotiate the automatic deduction of compulsory fees from nonmembers' pay. That Section states:

Employers and employee organizations are authorized to negotiate provisions in a collective bargaining agreement calling for the payroll deduction of employee organization dues and initiation fees and for payroll deduction of the service fee described in subsection (a) of this section.

21. Under color of this state law, Local 2001 entered into a CBA with DEEP on July 1, 2009, which then expired on June 30, 2016 ("the CBA"). This agreement according to Article 6 requires DEEP to deduct fees equal to the amount of full union dues from the wages of all bargaining unit members who are not members of Local 2001, and transmit those nonmember fees to it. This forced fees provision was extended in a new CBA that is set to expire on June 30, 2021.

22. Since at least June 13, 2015, compulsory fees have been, and continue to be, deducted from Plaintiffs' wages and accepted by Local 2001 based on the CBA.

23. On information and belief, a portion of the fees seized from Plaintiffs' wages and received by Local 2001 is disbursed by Local 2001 to its international affiliate, SEIU.

24. But for SERA, which authorizes automatic compulsory fees, Plaintiffs would not pay any union fees or otherwise subsidize Local 2001 or its affiliates.

25. Plaintiffs do not want the State or DEEP deciding for them which private organizations they must support and specifically do not want to be compelled by state actors to support unions they have not voluntarily chosen to support and that they may, in fact, oppose. At the heart of the First Amendment is the principle that individuals should be free to believe as they will, and that

6

in a free society one's beliefs should be shaped by their mind and conscience rather than coerced by the government. Subsumed within that constitutional freedom to believe as one will is the right to make one's own choice, free of government compulsion, of which private organizations one wants to support. *See Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 309 (2012).

26. Yet Plaintiffs recognize that in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), the Supreme Court found no constitutional barrier to an "agency shop" agreement between a municipality and a teacher's union insofar as the agreement required every employee in the unit to pay a service fee to defray the costs of collective bargaining, contract administration, and grievance adjustment. *Id.* at 232.

27. But in recent decisions, the Court has questioned the continued validity of *Abood*. *See, e.g.*, *Knox*, 132 S. Ct. at 2288-90. "Because a public-sector union takes many positions during collective bargaining that have powerful political and civic consequences, the compulsory fees constitute a form of compelled speech and association that imposes a 'significant impingement on First Amendment rights.'" *Id.* at 310-11 (citations omitted).

28. On information and belief, Local 2001 and its affiliates take positions in the collective bargaining process that impact the budget of DEEP. In the course of collective bargaining with public employers, unions take inherently political positions, some of which are controversial to certain public sector employees who may believe those positions are not in their best interests or in the best interests of society at large. In sum, collective bargaining with a public employer is an inherently political act.

29. The compulsory fee provisions in this matter, while permitted by SERA, are nonetheless unconstitutional because they significantly infringe on nonmember Plaintiffs' First Amendment

rights. They do not serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms.

30. Any compulsory fee infringes on the First Amendment rights of the Plaintiffs and other nonmembers because compulsory union fee requirements compel nonmember employees to support speech against their will, and to associate with a union against their will.

31. Ultimately, Plaintiffs seek the Supreme Court's review of the continued constitutionality of its now questionable holding in *Abood* and the constitutionality of SERA and the "agency shop" provisions of the CBA to the extent it allows Defendants to extract compulsory fees from Plaintiffs and other nonmember public employees.

32. Although Plaintiffs recognize that at this time this Court is bound by *Abood*, they still respectfully request, given the severe and ongoing infringement of Plaintiffs' rights to free speech, free association, and free choice, this Court to eventually declare that Connecticut's practice of forcing nonmembers to pay compulsory fees violates the First Amendment. Plaintiffs also ask this Court to enjoin Defendants from enforcing this unconstitutional arrangement.

### CLAIMS FOR RELIEF

### COUNT I
### (Violation of 42 U.S.C. § 1983 and the United States Constitution)

33. Plaintiffs incorporate and re-allege by reference all allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

34. The First and Fourteenth Amendments to the Constitution protect the associational, free speech, and free choice rights of individuals.

35. Title 42, United States Code, Section 1983 ("Section 1983") provides Plaintiffs with a private cause of action for violations of their constitutional rights.

36. In *Abood*, the Supreme Court upheld the seizure of compulsory fees for private sector employees on the basis that the fees were justified by the state interest in labor peace and the avoidance of free riders. *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 224 (1977). But, in *Knox,* the Court referred to its prior rationale justifying compulsory union fees as "generally insufficient" and "something of an anomaly." 567 U.S. at 311.

37. In a subsequent decision, *Harris v. Quinn*, 134 S. Ct. 2618 (2014), the Supreme Court reaffirmed *Knox* and expounded upon the "questionable foundations" of the *Abood* decision. *Id.* at 2627–34. *Harris* reaffirmed that "an agency-fee provision imposes a significant impingement on First Amendment rights, and cannot be tolerated unless it passes exacting First Amendment scrutiny." *Id.* at 2639 (citations omitted) (internal quotation marks omitted).

38. Plaintiffs contend that *Abood* was wrongly decided and that the Defendants' seizure of compulsory fees is unconstitutional under the First Amendment because, among other things, no compelling or otherwise sufficient state interest justifies compulsory fees or nonmember Plaintiffs' support of a union.

39. Even if there were compelling state interests sufficient to justify an infringement of constitutional freedoms, compelling nonmember union fees from Plaintiffs is not a narrowly tailored manner of securing those interests. Additionally, the inherently political nature of collective bargaining with a state actor and its consequences in DEEP and Connecticut has further infringed on nonmembers' First Amendment rights to refrain from supporting public sector unions in their organizational and collective bargaining activities. Thus, the First Amendment forbids coercing any money from the nonmembers to pay fees based on compulsory union fee provisions. Therefore, Section 5-280 and the "agency shop" provisions of the CBA have violated, and continues to violate Plaintiffs' free speech and associational rights under the

First and Fourteenth Amendments to the United States Constitution and Section 1983 by forcing Plaintiffs and other nonmembers to pay compulsory fees to Local 2001.

40. Therefore, the Defendants, in reliance upon Section 5-280, violated, and continue to violate, Plaintiffs' free speech and associational rights under the First and Fourteenth Amendments to the United States Constitution and Section 1983 when they require, as a condition of employment, Plaintiffs to join or financially support any private entity or union.

41. The provision in the CBA that requires Plaintiffs to pay a fee to the Union Defendant as a condition of employment and Section 5-280(b), which allows for the automatic withdrawal of compulsory fees from nonmembers' wages, violates the First and Fourteenth Amendment rights of Plaintiffs and is unconstitutional, and as such violates Section 1983.

42. Under the Supremacy Clause contained in Article VI of the United States Constitution, the First Amendment, as applied to the State of Connecticut through the Fourteenth Amendment, supersedes any inconsistent actions taken under color of state law, thus rendering *ultra vires* any public CBA, or a provision thereof, that would violate nonmembers' First Amendment rights.

43. As a direct result of the Defendants' actions taken according to Section 5-280, and the CBA, Plaintiffs:

a. have been prevented from exercising their rights and privileges as citizens of the United States to refrain from supporting the agenda and expenses of a private organization to which they object to supporting or associating;

b. have been deprived of their civil rights guaranteed to them under the statutes of the United States;

c. are in imminent danger of being deprived of their rights guaranteed to them under the Constitution and statutes of the United States and are in imminent danger of suffering monetary, equitable, and other damages; and

d. are in imminent danger of suffering irreparable harm, damage, and injury that is inherent in the violation of their First and Fourteenth Amendment rights, for which there is no adequate remedy at law.

44.  If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiffs' constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

Plaintiffs ask that this Court:

45. Award against **Union Defendant**:

a)      Enter a judgment declaring that the Union Defendant has violated Plaintiffs' statutory and constitutional rights by accepting fees from Plaintiffs' wages.

b)      Enter a judgment against Union Defendant declaring that Section 5-280 of SERA, Conn. Gen. Stat § 5-280, and the resulting "agency shop" provisions of the CBA are unconstitutional insofar as each states that Union Defendant and other unions are entitled to any fees deducted from nonmember wages, including from Plaintiffs' wages and allows public employers to automatically deduct those fees from nonmembers' wages.

c)    Grant equitable relief by enjoining the Union Defendant from requesting, collecting, receiving, or in any other way possessing or obtaining fees from Plaintiffs at all;

d)    Award Plaintiffs actual damages in the full amount of fees and/or union dues seized from their wages since June 13, 2015, plus interest, and/or nominal damages for violations of the First Amendment and for depriving Plaintiffs of their rights, privileges, and immunities secured by the U.S. Constitution;

e)    Alternatively, award Plaintiffs equitable relief, restitution of all fees and/or union dues unlawfully seized from Plaintiffs, plus interest;

46.    Award against **State Defendants:**

a)    Enter a judgment declaring that the State Defendants have violated Plaintiffs' statutory and constitutional rights by deducting fees from Plaintiffs wages without their consent and sending them to the Union Defendant.

b)    Enter a judgment against State Defendants declaring that that Section 5-280 of SERA, Conn. Gen. Stat § 5-280, and the resulting "agency shop" provisions of the CBA are unconstitutional insofar as each states that State Defendants are entitled to deduct any union fees from nonmember wages, including from Plaintiffs' wages.

c)    Grant equitable relief by enjoining the State Defendants from requesting, collecting, receiving, or in any other way possessing or obtaining union fees from Plaintiffs at all;

12

47.     Award against both **State and Union Defendants:**

a)      Award Plaintiffs their reasonable attorney's fees and costs in this action according to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920; and

b)      Award Plaintiffs any other relief that this Court deems necessary and proper.

Dated: June 13, 2018                    Respectfully submitted,

/s/ Nathaniel S. Schindler
Nathaniel S. Schindler  (CT-27464)
Law Offices of Martha A. Dean LLC
144 Reverknolls
Avon, CT 06001
Telephone: (860) 676-0033
Fax: (860) 676-1112
nschindler@mdeanlaw.com
*Attorney for Plaintiffs*

Milton L. Chappell (*pro hac vice to be filed*)
     D.C. Bar No. 936153
Jeffrey D. Jennings (*pro hac vice to be filed*)
     V.A. Bar No. 87667
*Attorneys for Plaintiffs*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA  22160
Telephone: (703) 321-8510
Fax: (703) 321-9319
Emails: mlc@nrtw.org
          jdj@nrtw.org