## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

<table>
<tr>
<td>

KIERNAN J. WHOLEAN, and JAMES A. GRILLO,

      Plaintiffs,

v.

CSEA SEIU LOCAL 2001, BENJAMIN BARNES, in his official capacity as Secretary of Office of Policy and Management, State of Connecticut, SANDRA FAE BROWN-BREWTON, in her official capacity as Undersecretary of Labor Relations, State of Connecticut, and ROBERT KLEE, in his official capacity as Commissioner of the Department of Energy and Environmental Protection, State of Connecticut

      Defendants.

</td>
<td>

Civil Action No.:  3:18-cv-01008-WWE

**SECOND AMENDED COMPLAINT (CLASS ACTION)**

DATE: November 27, 2018

</td>
</tr>
</table>

### INTRODUCTION

1.  This is a class action civil rights action challenging the constitutionality of Section 5-280 of the State Employee Relations Act ("SERA"), Conn. Gen. Stat. § 5-280 ("Section 5-280"), and related acts taken by Defendants based on that Section. This class action also requests the Court to take supplemental jurisdiction over the state law claim of unjust enrichment because Defendants' same acts that violate the First Amendment to the United States Constitution also constitution unjust enrichment. Section 5-280 requires Plaintiffs, and all nonmembers of Defendant CSEA SEIU Local 2001 ("Union Defendant" or "Local 2001"), to pay union fees as a condition of employment ("forced fees"). Section 5-280 also empowered State Defendants and Local 2001 to enter a collective bargaining agreement ("CBA") that had required State Defendants to automatically deduct forced fees from Plaintiffs' wages and remit them to Local

2001 ("forced fee provisions"). The suit is brought on behalf of Plaintiffs and a class of nonmembers of Defendant Local 2001 ("class members").

2.  As the U.S. Supreme Court recently held in *Janus v. AFSCME, Council 31*, both a state government and a public sector union violate the First Amendment when they force nonmembers to pay union fees as a condition of employment. __U.S. __, 138 S. Ct. 2448, 2486 (2018). The Court also held that it violates the First Amendment to deduct union fees from employees' pay without their affirmative consent and waiver of their First Amendment rights. *Id.*

3.  After *Janus*, the State Defendants stopped deducting forced fees from the Plaintiffs and class members' wages. But the Defendants on September 17, 2018, entered a stipulated agreement which made the forced fees provisions in the existing CBA null and void in light of *Janus*. But Defendants still have failed to notify Plaintiffs or the proposed class that the CBA no longer requires forced fees even though the existing CBA's other provisions are still ongoing until June 30, 2021. As a result, from the employees' perspective, the forced fees requirements continue to exist, and thereby, chills the exercise of First Amendment rights.

4.  Although the State defendants have stopped deducting fees from the Plaintiffs' and class members' wages, Local 2001 has not yet refunded the fees it collected before July 6, 2018.

5.  As a result, Plaintiffs seek declaratory relief, injunctive relief, compensatory damages and/or restitution, and other relief to redress and prevent the deprivation, under color of state law, of Plaintiffs' and class members' rights, privileges, and immunities under the First and Fourteenth Amendments to the United States Constitution. Defendants, acting in concert with one another, have deprived, and continue to deprive, Plaintiffs and class members' of their constitutional rights.

## JURISDICTION AND VENUE

6.   This matter is properly before this Court based on 28 U.S.C. § 1331 because it arises under the First and Fourteenth Amendments to the United States Constitution and the laws of the United States of America.

7.   This is also an action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiffs by the First and Fourteenth Amendments to the Constitution. As such, this Court also has jurisdiction based on 28 U.S.C. § 1343. Therefore, this Court may grant: (a) injunctive relief; (b) nominal damages for the violation of Plaintiff's First and Fourteenth Amendment rights; (c) compensatory damages and restitution in the amount of the fees unconstitutionally seized from Plaintiffs' wages, plus interest; and (d) reasonable attorneys' fees and costs according to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920.

8.   This case is an actual controversy where Plaintiffs seek a declaration of their rights under the Constitution of the United States. This Court may declare the rights of Plaintiffs and grant further necessary and proper relief based thereon under 28 U.S.C. §§ 2201 and 2202, and may also grant injunctive relief according to Federal Rule of Civil Procedure 65.

9.   Plaintiffs also request this Court to take supplemental jurisdiction, according to 28 U.S.C § 1367, over their state law claim for unjust enrichment that arises out of the same facts of Defendant Local 2001's unconstitutional collection and retention of forced fees from Plaintiffs' wages.

10. Venue is proper in this Court according to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims arose in this judicial district and Defendants conduct business and maintain offices in this judicial district.

**PARTIES**

11. Plaintiffs Kiernan Wholean, and James Grillo, are, and were at all relevant times, employed by the Connecticut Department of Energy and Environmental Protection ("DEEP"). As employees of DEEP, Plaintiffs are "employees" within the meaning of SERA, Conn Gen Stat § 5-270(a) and (b). Plaintiffs are employed in a bargaining unit represented exclusively (for the purposes of collective bargaining) by Local 2001, in conjunction with and on behalf of its affiliates, according to SERA, Conn Gen. Stat. § 5-275. Before July 6, 2018, forced fees were collected via automatic deductions from Plaintiffs' pay according to Section 5-280 and Sections Three and Four of Article 6 of the CBA. On information and belief, these forced fees have been remitted to Local 2001. But, at all relevant times, Plaintiffs have not been members of Local 2001 or its affiliates or consented to the deduction of forced fees.

12. At all relevant times, all Defendants are or were state actors, acting under the color of state law, namely SERA, Conn Gen. Stat. § 5-270, *et seq*., within the meaning of 42 U.S.C. § 1983.

13. Defendant Local 2001 is the local union affiliate of SEIU that represents Plaintiffs' bargaining unit. Before July 6, 2018, it collected forced dues and fees from nonmembers as a condition of employment, and is an "employee organization" as defined by SERA, Conn Gen State §5-270(d). Local 2001 maintains an office at 760 Capitol Avenue, Hartford, CT 06106. Local 2001, in conjunction with and acting on behalf of its affiliated unions, is the exclusive representative for Plaintiffs' bargaining unit, for the purposes of collective bargaining. Upon information and belief, Local 2001 remits a portion of the forced dues and fees collected from Plaintiffs to its affiliates, including SEIU.

4

14. State Defendant Benjamin Barnes is the Secretary of the Office of Policy and Management of the State. According to Conn. Gen. Stat. § 4-65a(a), Barnes is the "employer representative" in all collective bargaining matters, including the negotiation and administration of all collective bargaining agreements and supplemental understandings between the State and Local 2001. On information and belief, Barnes, as Secretary of the OPM, approves the CBAs entered into by the State with unions that the State has designated as exclusive bargaining representatives before the agreements are approved and implemented. Barnes is sued in his official capacity.

15. State Defendant Sandra Fae Brown-Brewton is the Undersecretary for the Office of Labor Relations, a division of the OPM, of the State. By designation of the Secretary of OPM, the OLR is the Governor's designated representative for collective bargaining matters for state employees. On information and belief, by and through Brown-Brewton, the OLR negotiated and entered into the current CBA with Local 2001. Brown-Brewton is sued in her official capacity.

16. State Defendant Robert Klee is the Commissioner of DEEP. On information and belief, Klee administers DEEP's compliance with the CBA that requires Plaintiffs to pay forced fees to Local 2001. Klee is sued in his official capacity.

## CLASS ACTION ALLEGATIONS

17. This is brought as a class action according to Federal Rule of Civil Procedure 23(b)(1)(A) and (b)(2), and alternatively, 23(b)(3), by Plaintiffs Wholean and Grillo ("Class Representatives") for themselves and for all others similarly situated.

18. The class for all counts consists of all former (employed at some time since June 21, 2012), current, and future nonmember employees within the meaning of SERA, Conn Gen Stat §

5-270(a) and (b) who are, have been, or will be represented by Local 2001 and are, have been, or will be compelled to pay forced fees as a condition of employment.

19. Upon information and belief, the number of persons in the class is so numerous that joinder is impractical.

20. There are questions of law and fact common to all class members, including Class Representatives. This includes whether Section 5-280 and the corresponding CBA's forced fees requirements between DEEP and Local 2001 are constitutional, the constitutionality of the State's deduction of forced fees without the written authorization of the nonmember employee, and Local 2001's continued possession of fees seized prior to June 27, 2018, the date the U.S. Supreme Court held in *Janus* that forced fees violate the First and Fourteenth Amendments, and whether those illegal deductions constitute unjust enrichment to Local 2001.

21. Class Representatives' claims are typical of the claims of other class members who are subject to the same deprivations of their rights by DEEP and Local 2001's collection of forced fees. DEEP and Local 2001 owe an identical duty with regard to these claims to Class Representatives and all other class members.

22. Class Representatives can adequately represent the interests of the class and have no conflict with other class members who have chosen not to join Local 2001 but were likewise forced to pay fees to Local 2001 as a condition of employment.

23. Because DEEP and Local 2001's forced fees practices and deductions of unauthorized fees apply equally to all in the class, the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Local 2001.

24. DEEP and Local 2001 has acted, and continues to act, to deprive Class Representatives and each class member of their constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief appropriate for all class members.

25. Alternatively, the questions of law or fact raised in this complaint concerning the constitutional rights of nonmembers of Local 2001 and the unjust enrichment of Local 2001 are common to the class members and predominate over any questions impacting only individual class members.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that individual class members are deprived of the same constitutional rights by DEEP and Local 2001's forced fees requirements, and unjust enrichment differing only in immaterial aspects of their factual situations. The limited amount of money at stake for each individual employee makes it burdensome for class members to maintain separate actions.

27. The illegal actions taken by DEEP and Local 2001 and their affiliates against all nonmembers were and are taken according to the same statute, collective bargaining agreement, and constitute a concerted scheme that violates Class Representatives' rights at multiple levels and locations of DEEP and Local 2001.

28. Class Representatives' attorneys are provided by a national charitable legal aid organization and are experienced in representing nonunion employees in federal litigation, having litigated many of the leading constitutional and statutory cases in this area of law, including class actions involving forced fees issues identical or similar to those raised in this action and pertaining to the class. These attorneys are best able to represent the interests of the class and will fairly and adequately do so.

## FACTS

29. At all relevant times, Plaintiffs have been employed by DEEP, which is a Connecticut state agency, with an office located at 79 Elm Street Hartford, CT 06106. DEEP is an "employer" as defined by SERA, Conn Gen Stat § 5-270(a).

30. At all relevant times, Plaintiffs have been, and continue to be, employed in a bargaining unit represented for purposes of collective bargaining by Local 2001.

31. At all relevant times, Plaintiffs have not been, and are not, members of Local 2001 or any other union.

32. Under color of state law, specifically SERA, Conn Gen Stat §§ 5-271 & 5-272, a union may enter into a CBA with a public employer on behalf of members of the bargaining unit it represents, that dictates the terms and conditions of employment.

33. Section 5-280(a) empowers union and state employers to include requirements in their CBAs for employees to pay union fees as a condition of employment. That Section states:

> If an exclusive representative has been designated for the employees in an appropriate collective bargaining unit, each employee in such unit who is not a member of the exclusive representative shall be required, as a condition of continued employment, to pay to such organization for the period that it is the exclusive representative, an amount equal to the regular dues, fees and assessments that a member is charged.

34. Section 5-280(b) allows a union and state employer to negotiate the automatic deduction of forced fees from nonmembers' pay. That Section states:

> Employers and employee organizations are authorized to negotiate provisions in a collective bargaining agreement calling for the payroll deduction of employee organization dues and initiation fees and for payroll deduction of the service fee described in subsection (a) of this section.

35. Under color of this state law, Local 2001 entered into a CBA with DEEP on July 1, 2009, which then expired on June 30, 2016 ("the CBA"). This agreement according to Article 6 requires DEEP to deduct fees equal to the amount of full union dues from the wages of all

bargaining unit members who are not members of Local 2001, without the employees' written authorization, and transmit those nonmember fees to it. This forced fees provision was extended in a new CBA that is set to expire on June 30, 2021.

36.  On June 27, 2018, the U.S. Supreme Court in *Janus v. AFSCME, Council 31*, __ U.S. __, 138 S. Ct. 2448 (2018), held that deducting union fees from employees' pay without their affirmative consent violates the First Amendment. *Id.* at 2486.

37. Before July 6, 2018, forced fees have been deducted, without written authorization, from Plaintiffs' wages and accepted by Local 2001 based on the two CBAs. Forced fees ceased being deducted from Plaintiffs' wages after July 6, 2018. Local 2001 refunded the monies the State deducted from Plaintiffs' wages on July 6, 2018. Yet Local 2001 has not refunded the fees it collected before July 6, 2018, to Plaintiffs and the class.

38. In *Janus*, the Court found that public sector unions have been "on notice" since at least 2012, that the constitutionality of forced fees was "uncertain." *Id.* at 2484-85. And that they have received a "considerable windfall" from nonmembers over the "past 41 years" from taking forced fees from nonmembers in violation of the First Amendment. *Id.* at 2486.

39. SERA and forced fee provisions of the CBAs are unconstitutional because they significantly infringe on nonmembers' First Amendment speech and associational rights. They do not serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms.

40. On September 17, 2018, Defendants entered a stipulated agreement that the forced fees provisions in their CBA are null and void in light of *Janus*. But they still have not informed employees that the CBA no longer requires forced fees. As a result, the forced fees provisions continue to chill the exercise of nonmembers' First Amendment rights.

9

## CLAIMS FOR RELIEF

### COUNT I
### (Violation of 42 U.S.C. § 1983 and the United States Constitution)

41. Plaintiffs incorporate and re-allege by reference all allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

42. The First and Fourteenth Amendments to the Constitution protect the associational, free speech, and free choice rights of individuals.

43. Title 42, United States Code, Section 1983 ("Section 1983") provides Plaintiffs with a private cause of action for violations of their constitutional rights.

44. In *Janus v. AFSCME, Council 31*, __ U.S. __, 138 S. Ct. 2448 (2018), the Court held that deducting union fees from employees' pay without their affirmative consent violates the First Amendment. *Id.* at 2486.

45. Supreme Court decisions "must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate . . . [the Supreme Court's] announcement of [a] rule of law." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993).

46. In *Janus*, the Court held that unions do not have any reliance interests because "unions have been on notice for years regarding this Court's misgivings about *Abood*." *Janus*, 138 S. Ct. at 2484 (citing *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977)). The Court noted that since the 2012 *Knox* decision, "any public sector union seeking an agency-fee provision in a collective-bargaining agreement must have understood that the constitutionality of such a provision was uncertain." *Janus*, 138 S. Ct. at 2484-85 (citing *Knox v. SEIU, Local 1000*, 567 U.S. 298, 311 (2012)).

47. In light of the Supreme Court's ruling in *Janus*, Section 5-280 of SERA and the forced fee provisions of the CBA violate the First and Fourteenth Amendments to the United States Constitution and Section 1983 by allowing DEEP and Local 2001 to enter agreements that require nonmembers to pay forced fees to Local 2001.

48. In light of the Supreme Court's ruling in *Janus*, Section 5-280(b), which allows for the automatic withdrawal of forced fees from nonmembers' wages, and the corresponding forced fees provisions of the CBA, violate the First and Fourteenth Amendment rights of Plaintiffs and the class and are unconstitutional, and as such violate Section 1983.

49. Despite more than four months elapsing since the Supreme Court's ruling in *Janus*, Defendants DEEP and Local 2001 have not informed employees that they entered a new stipulated agreement that makes the forced fees provisions in the CBAs null and void in light of *Janus*. As a result, the bargaining unit's membership knowledge that the CBA's forced fees provisions continue to exist chills their exercise of First Amendment rights to free speech and association. Defendants continue to violate the First and Fourteenth Amendment rights of Plaintiffs and the class by not acting to remove the chilling effect the CBA still has on First Amendment rights by notifying the bargaining unit that the forced fees requirements have in fact been removed.

50. In light of *Janus*, Defendant Local 2001 violated, and continues to violate, the First and Fourteenth Amendment rights of Plaintiffs and the class by continuing to retain possession of forced fees taken from nonmembers' pay. As a public sector union, Local 2001 has been on notice since at least the Supreme Court's decision in *Knox* on June 21, 2012, that agency fees violated the First and Fourteenth Amendment as the Court explained in *Janus*. 138 S. Ct. at 2485 (citing *Knox*, 567 U.S. at 311). Yet Local 2001 recklessly disregarded Plaintiffs' First

Amendment rights by continuing to seize fees from Plaintiffs during that period. Therefore, Plaintiffs and the proposed class are entitled to a full refund, with interest, of all union fees that Local 2001 seized from them.

51. Under the Supremacy Clause contained in Article VI of the United States Constitution, the First Amendment, as applied to the State of Connecticut through the Fourteenth Amendment, supersedes any inconsistent actions taken under color of state law, thus rendering *ultra vires* any public CBA, or a provision thereof, that would violate nonmembers' First Amendment rights.

52. As a direct result of the Defendants' actions taken according to Section 5-280, and the CBA, Plaintiffs:

    a. have been prevented from exercising their rights and privileges as citizens of the United States to refrain from supporting the agenda and expenses of a private organization to which they object to supporting or associating;

    b. have been deprived of their civil rights guaranteed to them under the statutes of the United States;

    c. are in imminent danger of being deprived of their rights guaranteed to them under the Constitution and statutes of the United States and are in imminent danger of suffering monetary, equitable, and other damages; and

    d. are in imminent danger of suffering irreparable harm, damage, and injury that is inherent in the violation of their First and Fourteenth Amendment rights, for which there is no adequate remedy at law.

53. If not enjoined by this Court, Defendants and/or their agents will continue to maintain the aforementioned deprivations and abridgments of Plaintiffs' constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

## COUNT II
### (State law claim – Unjust Enrichment)

54. Plaintiffs incorporate and re-allege by reference all allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

55. Plaintiffs and the proposed class earned lawful wages from DEEP.

56. Defendant Local 2001 directly or indirectly seized wages from Plaintiffs and the proposed class to ostensibly pay for forced union fees. But Plaintiffs and the proposed class never consented to the transfer of any of their wages to Local 2001.

57. Defendant Local 2001 has been benefitted in the form of Plaintiffs and the proposed class's wages that it seized.

58. The Plaintiffs and the proposed class did not have a legal obligation to pay union fees to Defendant Local 2001. *See Janus v. AFSCME, Council 31,* __ U.S. __, 138 S. Ct. 2448, 2486 (2018).

59. Defendant Local 2001 unjustly did not pay Plaintiffs and the proposed class for these fees. Indeed, Defendant Local 2001 took the money from Plaintiffs and the proposed class without their consent.

60. Defendant Local 2001's failure to make compensation for these benefits was to Plaintiffs and the proposed class's detriment.

61. As a result, Defendant Local 2001, to the detriment of Plaintiffs and the proposed class, obtained something of value, i.e., the forced fees, to which Defendant Local 2001 was not entitled.

62. Therefore, Defendant Local 2001 has been unjustly enriched at Plaintiffs and the proposed class's expense.

63. As a result, a contract "implied in law" exists, and it requires Defendant Local 2001 to return the fees it seized to Plaintiffs and the proposed class.

64. Defendant Local 2001 cannot defend this unjust conduct by relying on SERA Section 5-280, or any other provision of state law, because forced fee requirements violate the First Amendment and cannot shield the compelled extraction of money from nonmembers of Defendant Local 2001.

65. Plaintiffs and the proposed class suffered damages in the form of all forced fees seized from their wages to benefit Defendant Local 2001 and its affiliates. They seek the return of these fees.

## PRAYER FOR RELIEF

Plaintiffs ask that this Court:

66. Certify the plaintiff class.

67. Award against **Defendant Local 2001**:

a)      Enter a judgment against Defendant Local 2001 declaring that Section 5-280 of SERA, Conn. Gen. Stat § 5-280, and the resulting forced fee provisions of the CBA are unconstitutional insofar as each states that Defendant Local 2001 and other unions are entitled to any fees deducted from nonmember wages, including from Plaintiffs' wages and allows public employers to automatically deduct those fees from nonmembers' wages.

b)      Enter a judgment declaring that the Defendant Local 2001 has violated Plaintiffs' and class members' constitutional rights by failing to inform them that the CBA no longer requires forced fees.

c)      Enter a judgment declaring that Defendant Local 2001 has violated Plaintiffs' and class members' constitutional rights by accepting fees from Plaintiffs' wages.

d)      Enter a judgment against Defendant Local 2001 declaring that it unjustly enriched itself at Plaintiffs and the proposed class's expense by collecting forced fees from their wages.

e)      Grant equitable relief by enjoining Defendant Local 2001 from requiring, requesting, collecting, receiving, or in any other way possessing or obtaining forced fees from Plaintiffs and the class at all;

f)      Award Plaintiffs and the class actual damages in the full amount of fees and/or union dues seized from their wages, plus interest, and/or nominal damages for violations of the First Amendment and for depriving Plaintiffs and the class of their rights, privileges, and immunities secured by the U.S. Constitution;

g)      Award Plaintiffs and the class damages, plus interest, for Defendant Local 2001's unjust enrichment of itself at the expense of Plaintiffs and the class.

h)      Alternatively, award Plaintiffs and the class equitable relief, restitution of all fees and/or union dues unlawfully seized from Plaintiffs, plus interest;

68.    Award against **State Defendants:**

a)      Enter a judgment against Defendant Local 2001 declaring that Section 5-280 of SERA, Conn. Gen. Stat § 5-280, and the resulting forced fees provisions of the CBA are unconstitutional insofar as each states that Defendant Local 2001 and other unions are entitled to any fees deducted from nonmember wages, including

15

from Plaintiffs' wages and allows public employers to automatically deduct those fees from nonmembers' wages.

b)     Enter a judgment declaring that the State Defendants have violated Plaintiffs' and class members' constitutional rights by failing to inform them that the CBA no longer requires forced fees.

c)     Grant equitable relief by enjoining the State Defendants from requiring, requesting, collecting, receiving, or in any other way possessing or obtaining union fees from Plaintiffs and the class at all;

69.     Award against both **State and Union Defendants:**

a)     Order equitable relief requiring Defendants to notify (via email and regular mail) any employees covered by these agreements that Defendants modified any and all agreements between them so that they no longer require forced fees or allow the automatic deduction of union fees without an employee's affirmative consent and waiver of First Amendment rights.

b)     Award Plaintiffs their reasonable attorney's fees and costs in this action according to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920; and

c)     Award Plaintiffs any other relief that this Court deems necessary and proper.

Dated: November 27, 2018                  Respectfully submitted,

                                          /s/ Jeffrey D. Jennings
                                          Jeffrey D. Jennings (admitted *pro hac vice*)
                                          Bar Nos. phv09711; Va. Bar No. 87667
                                          Milton L. Chappell (admitted *pro hac vice*)
                                          Bar Nos. phv09769/D.C. Bar No. 936153

16

*Attorneys for Plaintiffs*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA  22160
Telephone: (703) 321-8510
Fax: (703) 321-9319
Emails: jdj@nrtw.org
       mlc@nrtw.org

Nathan S. Schindler (CT-27464)
Law Offices of Martha A. Dean LLC
144 Reverknolls
Avon, CT 06001
Telephone: (860) 676-0033
Fax: (860) 676-1112
Email: nschindler@mdeanlaw.com
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 27, 2018, a copy of the foregoing Second Amended

Complaint was filed electronically and served by mail on anyone unable to accept electronic

filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's

electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the

Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jeffrey D. Jennings
Jeffrey D. Jennings (admitted *pro hac vice*)
Bar Nos. phv09711; Va. Bar No. 87667
*Attorney for Plaintiffs*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA  22160
Telephone: (703) 321-8510
Fax: (703) 321-9319
Email: jdj@nrtw.org