STEPHEN P. BERZON
ERIC P. BROWN
HAMILTON CANDEE
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
MEREDITH A. JOHNSON
SCOTT A. KRONLAND
ANDREW KUSHNER
REBECCA MORYL LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
AMANDA C. LYNCH
MATTHEW J. MURRAY
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
MICHAEL RUBIN
JENNIFER A. SORENSON
PEDER J. THOREEN
MEGAN WACHSPRESS
STEFANIE L. WILSON

ALTSHULER BERZON LLP
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

FRED H. ALTSHULER
FOUNDING PARTNER EMERITUS

PETER D. NUSSBAUM
PARTNER EMERITUS

CORINNE JOHNSON
FELLOW

March 25, 2019

<u>*Via Electronic Filing*</u>

Robin D. Tabora
Clerk of Court
United States District Court
for the District of Connecticut
141 Church Street
New Haven, CT 06510

RE:     *Wholean v. CSEA SEIU Local 2001*, No. 3:18-cv-1008-WWE

Dear Ms. Tabora,

On behalf of Defendant CSEA SEIU Local 2001, I submit this letter to advise the Court of a recent decision addressing the issues before the Court on CSEA SEIU Local 2001's pending motions to dismiss (Dkt. 37) in the above-referenced case.  This decision was issued after briefing on the motion to dismiss was completed.  A copy is attached hereto.

On March 25, 2019, the United States District Court for the Northern District of Ohio issued a Memorandum of Opinion and Order in *Lee v. Ohio Education Association*, 1:18-cv-01420-JRA (N.D. Ohio Mar. 25, 2019).  The Memorandum of Opinion and Order is relevant to CSEA SEIU Local 2001's pending motion because it applies the good faith defense to dismiss plaintiff's 42 U.S.C. §1983 claim for a refund of fair-share fees collected by the defendant unions before the issuance of the Supreme Court's decision in *Janus v. AFSCME Council 31*, 138 S.Ct. 2448 (2018).  CSEA SEIU Local 2001 has asserted the same defense to the Plaintiffs' §1983 claims for a refund of pre-*Janus* fair-share fees.

Robin D. Tabora, Clerk of Court
March 25, 2019
Page 2

Sincerely,

/s/P. Casey Pitts
P. Casey Pitts
Counsel for Defendant CSEA SEIU Local 2001

cc:  CM/ECF Service List

Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sarah R. Lee,                                    )          CASE NO.: 1:18CV1420
                                                 )
                Plaintiff,                       )          JUDGE JOHN ADAMS
                                                 )
                                                 )
                                                 )
Ohio Education Association, et al.,              )          **MEMORANDUM OF OPINION AND**
                                                 )          **ORDER**
                                                 )
                Defendants.                      )           (Resolves Doc. 35, 36, 37, and 48)
                                                 )

Pending before the Court are motions to dismiss filed by 1) Defendants Craig Zimpher, Aaron Schmidt, and Richard Lumpe (Doc. 35); 2) Avon Lake City School District (Doc. 36); and 3) Avon Lake Education Association, National Education Association, and Ohio Education Association (collectively, "NEA")(Doc. 37).   Additionally, Plaintiff Sarah Lee has sought leave to amend her complaint.   Doc. 48.   The motion is GRANTED, and the Court will consider the motions to dismiss in light of the amended complaint.   Plaintiff Sarah Lee has not opposed the dismissal of Zimpher, Schmidt, Lumpe, and the Avon Lake City School District.   Those motions (Docs. 35, 36), therefore, are GRANTED.   Accordingly, the Court now addresses the sole remaining motion, NEA's motion to dismiss.

Through this opinion, the Court joins an ever-growing number of courts that have found that causes of action seeking to enjoin collection of fair-share fees and recoup damages based on prior collection of those fees must be dismissed in light of *Janus v. American Federation of State,*

*County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). One colleague has succinctly noted:

> *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018) does not entitle Hough to a refund of the fair-share fees he paid before the ruling came down. Assuming it's necessary to inquire whether the defendant's good-faith reliance on then-existing law bars Hough's refund claim under 42 U.S.C. § 1983, the defendants have indeed established good-faith reliance as a matter of law. This is so for the reasons provided in the following cases: *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, No. 15 C 1235, 2019 WL 1239780, at *3 (N.D. Ill. Mar. 18, 2019); *Carey v. Inslee*, No. 3:18-CV-05208-RBL, 2019 WL 1115259, at *9 (W.D. Wash. Mar. 11, 2019); *Cook v. Brown*, No. 6:18-CV-01085-AA, 2019 WL 982384, at *7 (D. Or. Feb. 28, 2019); *Danielson v. American Federation of State, County, & Municipal Employees, Council 28*, 340 F. Supp. 3d 1083, 1087 (W.D. Wash. 2018).

*Hough v. SEIU LOCAL 521*, No. 18-CV-04902-VC, 2019 WL 1274528, at *1 (N.D. Cal. Mar. 20, 2019); *see also Crockett v. NEA-Alaska*, 2019 WL 1212082 (D.Alaska Mar. 14, 2019) (finding no state law mechanism to allow for the recovery of past-paid fees). The Court agrees with the rationale of these decisions and incorporates it herein. Accordingly, NEA may present a good faith defense and the request for injunctive relief is moot.

Lee seeks to avoid the same result as the cases above by asserting error in these recent decisions. First, Lee claims that her request for injunctive relief is not moot based upon the voluntary cessation of the conduct by NEA. However, as another colleague noted,

> Nevertheless, Mr. Lembo—and all the Defendants—complied with *Janus*. They did so not because they wanted to evade the Court's jurisdiction, as is the case in so many voluntary cessation cases, but because the Supreme Court's new and controlling precedent not only affected the rights of the parties immediately before it (the state of Illinois) but also announced a broad rule invalidating every state law permitting agency fees to be withheld. In unequivocal terms, the Supreme Court stated that: "States and public-sector unions may no longer extract agency fees from nonconsenting employees." *Janus*, 138 S. Ct. at 2486, slip op. at 48.

*Lamberty v. Connecticut State Police Union*, No. 3:15-CV-378 (VAB), 2018 WL 5115559, at *9 (D. Conn. Oct. 19, 2018). This same rationale undermines Lee's reliance on district court decisions that were decided following *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). Lee asserts

that courts routinely declined to moot cases despite the decision in *Obergefell*. In support, Lee

provided:

> *See, e.g., See Jernigan v. Crane*, 796 F.3d 976, 979 (8th Cir. 2015) (refusing to hold
> that a constitutional challenge to Arkansas's marriage laws had become moot after
> *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), because *Obergefell* had "invalidated
> laws in Michigan, Kentucky, Ohio, and Tennessee—not Arkansas."); *Rosenbrahn
> v. Daugaard*, 799 F.3d 918, 922 (8th Cir. 2015) ("South Dakota's assurances of
> compliance with *Obergefell* do not moot the case."); *Waters v. Ricketts*, 798 F.3d
> 682, 686 (8th Cir.2015) ("Nebraska's assurances of compliance with *Obergefell* do
> not moot the case."); *Waters v. Ricketts*, 159 F. Supp. 3d 992, 999–1000 (D. Neb.
> 2016) (refusing to hold the plaintiffs' constitutional challenge to Nebraska's laws
> moot because "no Court has yet declared Section 29 unconstitutional. . . . It has not
> been repealed and is still published as part of the Nebraska Constitution. . . . The
> *Obergefell* case struck down the marriage exclusions in Michigan, Kentucky, Ohio,
> and Tennessee. While precedent does in fact dictate the result in the case before
> this Court, Section 29 has not specifically been declared unconstitutional."); 
> *Strawser v. Strange*, 190 F. Supp. 3d 1078, 1081 (S.D. Ala. 2016) ("[A] government
> ordinarily cannot establish mootness just by promising to sin no more." (citation
> and internal quotation marks omitted)).

Doc. 41 at 10. As detailed above, cases survived post-*Obergefell* because courts concluded that

specific, state statutes had not been the subject of the decision by the Court in *Obergefell*. The

same cannot be said here. *Janus*, as detailed above, used broad language that immediately made

it unconstitutional for unions to extract agency fees from nonconsenting employees. There is no

dispute that NEA immediately ceased collecting such fees. Accordingly, any request for

injunctive relief is MOOT.

In a similar fashion, Lee amended her complaint in the hope of creating a factual issue

surrounding NEA's good faith defense. Lee contends that this Court cannot dismiss the matter

because NEA must demonstrate factually that it complied with prior Supreme Court precedent and

that its decisionmakers *subjectively* believed that the precedent was correct. The Court finds no

merit in such a contention.

First, Lee's assertion regarding the subjective belief of members of NEA cannot withstand

scrutiny. The entity acts solely through its actions. Those actions included collecting fees under

*Abood v. Detroit Board of Education,* 431 U.S. 209 (1977), a Supreme Court decision that expressly permitted such actions. Even if an employee strongly believed that *Abood* was wrongly decided, it would not make reliance on that decision any less good-faith reliance. Rather, regardless of personal opinions, individuals are entitled to rely upon binding United States Supreme Court precedent.

Second, it is unclear what facts Lee believes need to be proven to establish compliance with *Abood* and its progeny. It appears that Lee is suggesting that if NEA was routinely violating *Abood* and its progeny, such a finding would undermine any good faith defense. However, even in the now-amended complaint, Lee has not even hinted at any such violation. Moreover, given the current litigation, it is difficult to conceive of a circumstance where the NEA would have disregarded *Abood* in such a blatant manner as to destroy a good faith defense and yet still avoided litigation. As such, the Court declines to open discovery into the matter. The facts are undisputed that NEA collected fees under the binding precedent of *Abood* and the subsequent state statutes it spawned. As a matter of law, therefore, those collections efforts were done in good faith that they did not violate the United States Constitution.

Based upon the above, the complaint is hereby DISMISSED.

IT IS SO ORDERED.

March 25, 2019          /s/ John R. Adams
                       JUDGE JOHN R. ADAMS
                       UNITED STATES DISTRICT JUDGE