UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIERNAN J. WHOLEAN and
JAMES A. GRILLO,

    Plaintiffs,

v.                                                                                        3:18-cv-1008 (WWE)

CSEA SEIU LOCAL 2001, BENJAMIN
BARNES, in his official capacity as Secretary
of Policy and Management, State of Connecticut,
SANDRA FAE BROWN-BREWTON, in her official
Capacity as Undersecretary of Labor Relations,
State of Connecticut, and ROBERT KLEE, in his
official capacity as Commissioner of the
Department of Energy and Environmental Protection,
State of Connecticut,

    Defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiffs are employees of the Connecticut Department of Energy and Environmental Protection who paid fair-share or "agency" fees to Local 2001 prior to the United States Supreme Court decision, <u>Janus v. AFSCME Council 31</u>, 138 S. Ct. 2448 (June 27, 2018), which held that public employers may not require public employees to pay fair-share fees. Plaintiffs' second amended complaint alleges a putative class action challenging the constitutionality of requiring non-union members to pay union fees as a condition of state employment pursuant to 42 U.S.C. § 1983. Plaintiffs also allege one claim of unjust enrichment pursuant to state law.

Defendant CSEA and the defendant state officials have filed motions to dismiss, which assert that plaintiffs' claims for declaratory and injunctive relief are now moot.

1

Defendant CSEA argues further that plaintiffs' request for repayment of such fees should be dismissed because defendant had a good faith reliance on existing law authorizing collection of such fees.

For the following reasons, the motions to dismiss will be granted.

## BACKGROUND

On a motion to dismiss, the Court considers the facts alleged in the complaint to be true. For purposes of considering a motion to dismiss for lack of subject matter jurisdiction, the Court also considers factual issues outside of the pleadings, including the affidavits attached to the motions to dismiss See State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

Defendant Local 2001 serves as the collective bargaining representative for a bargaining unit comprising employees of the Connecticut Department of Energy and Environmental Protection ("DEEP"). Plaintiffs are not union members.

Prior to June 27, 2018, the collective bargaining agreements governing plaintiffs' bargaining unit required non-members to pay fair-share fees to Local 2001 to cover their portion of the costs of collective bargaining representation.

The day after Janus was issued, Local 2001 notified DEEP that it should stop deducting fees from non-members. Two days later, the State of Connecticut informed Local 2001 and other labor unions representing State employee to discontinue deducting agency fees from non-union members. Due to the processing time required for payroll changes, these fees were deducted from non-members' wages for the payroll issued on July 6, 2018. However, Local 2001 did not accept those fees and sent

2

refunds directly to the non-members.

Local 2001 as part of a Coalition representing all state employee unions and the State of Connecticut signed a formal agreement eliminating from their collective bargaining agreements any provisions requiring payment of fair-share fees.  In September 2018, the parties signed a stipulated agreement providing, in part, "any provisions of ... [the parties'] collective bargaining agreements requiring or authorizing the collection of fair share fees from non-union bargaining unit members without the specific affirmative consent of such non-union members are and shall be null and void as of the date of issuance of the Janus decision."

Plaintiffs' second amended complaint recognizes that "the State Defendants stopped deducting forced fees from the Plaintiffs and class members' wages;" and that "the Defendants on September 17, 2018, entered a stipulated agreement which made the forced fees provisions in the existing CBA null and void in light of *Janus*."  However, plaintiffs assert that defendants "failed to notify Plaintiffs or the proposed class that the CBA no longer requires forced fees even though the existing CBA's other provisions are still ongoing until June 30, 2021."  Plaintiffs maintain that "the bargaining unit's membership knowledge that the forced fees provisions continue to exist chills their exercise of First Amendment rights to free speech and association."  Plaintiffs allege that "Local 2001 has not refunded the fees it collected before July 6, 2018, to Plaintiffs and the class."  Plaintiffs maintain that defendants were on notice regarding the Supreme Court's misgivings about Abood and have thereby received a windfall from the unconstitutional collection of non-members' fees.

3

## DISCUSSION

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

The function of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1944 (2009).

### Section 1983 Claims for Declaratory and Injunctive Relief

Plaintiffs seek entry of declaratory judgments, stating that the forced fee provisions of the collective bargaining agreements are unconstitutional; that defendant Local 2001 violated plaintiffs' and class members' constitutional rights by accepting fees

from plaintiffs' wages and failing to inform them that the CBA no longer requires forced fees; and that defendant Local 2001 unjustly enriched itself by collecting forced fees from their wages. Plaintiffs request that the Court enjoin defendant Local 2001 from requiring, requesting, collecting, receiving, possessing or obtaining forced fees from nonmembers; and order defendants to notify the employees that any relevant agreements no longer require forced fees or automatic deduction of union fees without an employee's affirmative consent and waiver of First Amendment rights.

Article III requires a live case or controversy to exist at the time that a federal court decides a case. Burke v. Barnes, 479 U.S. 361, 363 (1987) "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects" O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974); see also City of Los Angeles v. Lyons, 461 U.S. 95, 107 & n.8 (1983) (subjective fear of repeated injury without an actual threat of such injury occurring is not sufficient to establish Article III standing).

Thus, pursuant to Article III, the court lacks subject matter jurisdiction when the question before it becomes moot. Boyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013). "Mootness can be demonstrated by showing no practical relief can follow a judicial determination of controversy." Lillbask ex rel. Mauclaire v. Sergi, 193 F. Supp. 2d 503, 509 (D. Conn. 2002). Significant changes in law or a defendant's voluntary cessation of the injury-causing conduct that is unlikely to reoccur will render moot a claim or case. See Lamberty v. Connecticut State Poiice Union, 2018 WL 5115559, at *5 (D. Conn. Oct. 19, 2018).

Here, Janus overturned existing Supreme Court precedent, Abood *v.* Detroit Board of Education, 431 U.S. 209, 222 (1977), which authorized public sector unions to charge non-members for a proportionate share of union dues attributable to collective bargaining representation. Janus, 138 S. Ct. at 2484-86 (*"*This procedure violates the First Amendment and cannot continue. Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay. By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed.").

Plaintiffs' claims for declaratory judgment and injunctive relief regarding the collection of agency fees from non-members are moot because (1) the Supreme Court has already determined the issue, and (2) defendants have demonstrated that collection of such fees has ceased and is unlikely to recur. Plaintiffs cannot assert a claim for prospective relief based on past unconstitutional conduct that has now ceased or based on a subjective belief that the unconstitutional conduct may reoccur. It is well established that a defendant cannot reasonably be expected to resume conduct that it acknowledges is contrary to binding precedent. Berman v. New York State Public Employee Federation, 2019 WL 1472582, at *3 (D. Conn. March 31, 2019). Accordingly, the case or controversy regarding the constitutionality of the collection of agency fees no longer exists for this court to determine and remedy. Defendants' motions to dismiss will be granted because plaintiffs' claims for declaratory and injunctive relief are moot.

Section 1983 Claim for Damages/Repayment of Fess with Interest

Plaintiffs assert that Local 2001 continues to violate the First and Fourteenth Amendments of the United States constitution by retaining these fees and that plaintiffs are entitled to a full refund with interest of all union fees collected by Local 2001 prior to Janus. Defendants assert that this claim is barred by the defense of good faith adherence to existing law.

Prior to Janus, the Connecticut General Statutes § 5-280 authorized the collection of agency fees, which was considered constitutional under United States Supreme Court and Second Circuit precedent. See Abood, 431 U.S. 209; Scheffer v Civil Service Employee Association, Local 828, 610 F.3d 782 (2d Cir. 2010).

Since Janus, courts considering similar claims have concluded that the good faith defense is available to private defendants faced with liability. See Akers v. Maryland State Education Association, 2019 WL 1745980, *5 (D. Md. April 18, 2019) (noting courts have uniformly held that good-faith defense bars refund claims); Mooney v. Illinois Educ. Ass'n., 2019 WL 1575186 (C.D. Ill. April 11, 2019) (recognizing growing consensus concluding that fees collected prior to Janus may not be recovered). The Court incorporates herein the extensive analysis finding that a good faith affirmative defense is available to a private defendant facing similar claims for repayment of agency fees articulated by the district court in Mooney v. Illinois Educ. Ass'n. See also Jarvis v. Cuomo, 660 Fed. Appx. 72, 75-76 (2d Cir. 2016) (good faith defense available to private defendant under Section 1983). As one district court observed, "in situations where the Supreme Court has

7

reversed a prior ruling but not specified that the party before it is entitled to retrospective monetary relief, it seems unlikely that lower courts should even consider awarding retrospective monetary relief based on conduct the Court had previously authorized." <u>Bermudez v. Service Employees International Union, Local 521</u>, 2019 WL 1615414, *1 (N.D. Calif. April 16, 2019). Defendant Local 2001's motion to dismiss will be granted on the basis of the good faith defense.

<u>Unjust Enrichment</u>

Plaintiffs have alleged a state law claim of unjust enrichment. Pursuant to 28 U.S.C. § 1367(c)(3), The Court will decline to exercise supplemental jurisdiction over the such state law claim. This claim will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the motions to dismiss [doc. 37 and 39] are GRANTED. Plaintiffs' claims for prospective declaratory and injunctive relief are dismissed as moot; plaintiffs' claims for compensatory damages or repayment of fees with interest are dismissed based on the affirmative defense of good faith reliance on existing law. The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claim for unjust enrichment, which is dismissed without prejudice. The clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 26h day of April, 2019.

/s/Warren W. Eginton_____
Warren W. Eginton
Senior United States District Judge